UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| FRANKIE N. WALKER, SR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:16-cv-04021-SLD |
| | ) |
| GREGORY SCOTT, Program Director at | ) |
| Rushville Treatment and Detention | ) |
| Facility, | ) |
| | ) |
| Respondent. | ) |
| | ) |

## ORDER

Petitioner Frankie Walker, Sr. has filed a petition for the writ of habeas corpus, ECF No. 1, challenging his confinement in Rushville Treatment and Detention Facility ("Rushville"), pursuant to 28 U.S.C. § 2254. Before the Court are: Walker's motion to amend the filing date of his habeas petition, ECF No. 3; Walker's motion for status, ECF No. 5; Walker's motion to receive an "exact hard copy" of Respondent Scott's response to the petition, ECF No. 7; Scott's first and second motions for extension of time to file an answer to the petition, ECF Nos. 9, 14; Walker's second motion requesting status and seeking to correct his name as docketed, ECF No. 10; and a letter or motion Walker entitled "Information," ECF No. 11, having to do with his access to Rushville's law library. For the following reasons, the motion to amend filing date is DENIED, the first motion requesting status is MOOT, the motion to receive an "exact hard copy" is DENIED, the motions for extension of time are GRANTED, the motion requesting status and seeking to amend the docket is GRANTED as to amendment of the docket and otherwise is MOOT, and the "Information" motion MOOT. The Court addresses each motion in turn below.

1

### I.     Walker's Motion to Amend Filing Date

Walker indicates that he filed his petition on January 28, 2016, and not January 29, 2016. Mot. Amend 1.   However, the Court's electronic docketing system indicates that Walker's petition was filed at 12:04 p.m. Central Time by the Clerk on January 29, 2016.   Walker offers no evidence or argument as to why this date is wrong, and appears instead to be arguing that the date that he signed the petition and delivered it to authorities at Rushville for filing should be the effective date of its filing.   This is half right.   A habeas petition pursuant to § 2254 is "filed in the procedural sense for the purpose of being placed on the court's docket" when the clerk enters the petition on the docket.   *Jones v. Bertrand*, 171 F.3d 499, 501 (7th Cir. 1999).   However, "for statute of limitations purposes, a petition is deemed filed when given to the proper prison authorities and not when received by the district court clerk."   Thus, while the Court will not order the Clerk to amend the date of filing on the docket, absent some further evidence from Walker, Walker should be assured that for purposes of the statute of limitations, the petition will be deemed to have been filed on January 28, 2016.

### II.    Walker's First and Second Motions for Status

Walker moved twice, ECF Nos. 5, 10, for an update on the status of the case.   Fortunately, all updates to the status of the case are noted on the docket, to which Walker has access.   There is no need to move for status updates.

### III.   Walker's Motion to Receive "Exact Hard Copy"

Walker moved to receive an "exact hard copy" of Scott's eventual response to his petition. Mot. Hard Copy 1.   However, Walker has not alleged that Rushville's manner of delivering case materials to him as they are filed is inadequate in any way, or has resulted in any failures to

transmit part or all of any filings, or any delays. Absent such problems in delivering documents to Walker in a timely manner, the Court will not order a change in Rushville's delivery process. If such inadequacies exist, Walker should explain them.

### IV.    Scott's Motions for Extension of Time

Scott moved twice, once on April 20, 2016, and again on May 25, 2016, for an extension of time to respond to the petition. ECF Nos. 9, 14. Each motion was accompanied by an affidavit listing counsel's other work commitments. The affidavits adequately justify Scott's request; each motion is granted.

### V.    Walker's Motion to Amend his Name on the Docket

Walker indicates that his name is Frankie N. Walker, Sr., not Frankie N. Walker, Jr. Mot. Status and Information 2. The Clerk will be directed to amend Walker's name accordingly on the docket.

### VI.    Walker's Motion Regarding Law Library Access

Walker's motion is difficult to interpret. It consists mostly of several requests Walker made to use the law library at Rushville, a letter he sent to an Illinois state court judge claiming that he is being unfairly limited in his access to the law library, and a letter from an Illinois Assistant Attorney General regarding an Illinois state court order. ECF No. 11. Walker does not make any requests that the Court can discern. Walker does not need to keep the Court apprised of his access to or use of Rushville's law library. If Walker needs more time to respond to Scott's eventual filing, he should move the Court for more time before the allotted time to respond has elapsed. *See* L. R. 6.1 ("Any party seeking an extension of time for any reason must file a motion for such extension before the original deadline.").

## CONCLUSION

Accordingly, the motion to amend filing date, ECF No. 3, is DENIED; the first motion requesting status, ECF No. 5, is MOOT; the motion to receive an "exact hard copy," ECF No. 7, is DENIED; the motions for extension of time, ECF Nos. 9, 14, are GRANTED; the motion requesting status and seeking to amend the docket, ECF No. 10, is GRANTED as to amendment of the docket and otherwise is MOOT; and the final motion entitled "Information," ECF No. 11, is MOOT.   The Clerk is directed to amend Walker's name listed on the docket to Frankie N. Walker, Sr.   Scott must file his Response to the Petition, ECF No. 1, by July 1, 2016.

ENTERED: _____June 6, 2016_____

                                              _____s/Sara Darrow_____
                                              SARA DARROW
                                    UNITED STATES DISTRICT JUDGE